J-S80033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DWAYNE BROWN, | : | |
| | : | |
| Appellant | : | No. 923 EDA 2017 |

Appeal from the PCRA Order February 17, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0307362-1996

BEFORE: BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 26, 2018**

Dwayne Brown ("Brown") appeals, *pro se*, from the Order dismissing his Petition for Writ of *Habeas Corpus*.[1] We affirm.

A jury found Brown guilty of murder of the first degree, possession of an instrument of crime, criminal conspiracy, and attempted murder. The trial court imposed an aggregate sentence of life in prison without parole.

---

[1] In his Petition for Writ of *Habeas Corpus*, Brown only challenges the legality of his sentence. Because Brown filed his Petition after his judgment of sentence became final, and the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, provides a remedy for his claim, the Petition was properly treated as filed pursuant to the PCRA. **See** 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."); **see also Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (stating that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.") (citation omitted).

This Court affirmed the judgment of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal. *See Commonwealth v. Brown*, 739 A.2d 582 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 749 A.2d 465 (Pa. 2000). On June 12, 2000, the United States Supreme Court denied Brown's Petition for writ of *certiorari*. *See Brown v. Pennsylvania*, 530 U.S. 1234 (2000).

Brown filed four previous PCRA Petitions, all of which the PCRA court either denied or dismissed. On March 24, 2016, Brown filed the instant Petition.[2] In January 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice of its intent to dismiss the Petition, and Brown filed a Response. The PCRA court then dismissed Brown's fifth Petition. Brown filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Brown raises the following question for our review: "Whether [Brown] is entitled to post conviction relief based on newly discovered mitigating evidence regarding brain science and social science study?" Brief for Appellant at 3 (some capitalization omitted).

_____

[2] We note that Brown's appeal from the dismissal of his fourth PCRA Petition was pending at the time he filed the instant Petition. *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (noting that a PCRA court cannot entertain a new PCRA petition when a prior petition is under appellate review). However, this Court's decision affirming the dismissal of Brown's fourth PCRA Petition was decided on July 11, 2016, and Brown did not seek further review. *See Commonwealth v. Brown*, 143 A.3d 418 (Pa. Super. 2016). Because Brown's fifth Petition was not reviewed or decided until Brown's appeal as to his fourth Petition had been completed, we will examine the instant appeal.

"On appeal from the [dismissal] of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." ***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa. Super. 2012).

Initially, under the PCRA, any PCRA petition "*including a second or subsequent petition,* shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Brown's Petition is facially untimely under the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b). However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b).

Here, Brown invokes the newly-discovered facts exception at section 9545(b)(1)(ii), based upon the decisions in ***Montgomery v. Louisiana***, 136

S. Ct. 718 (2016), and **Miller v. Alabama**, 567 U.S. 460 (2012).[3] In **Miller**, the United States Supreme Court held that sentencing schemes that mandate life in prison without parole for defendants who committed their crimes while under the age of eighteen violate the Eighth Amendment's prohibition on "cruel and unusual punishments." **Miller**, 567 U.S. 465. The Court reasoned that in light of a juvenile's diminished culpability and heightened capacity for change, mandatory juvenile sentencing schemes pose too great a risk of disproportionate punishment, in contravention of the Eighth Amendment. **Id.** at 479. In **Montgomery** the United State Supreme Court held that **Miller** applies retroactively. **See Montgomery**, 136 S. Ct. at 736.

Brown's reliance upon **Miller** and **Montgomery** as newly-discovered facts is without merit, as judicial decisions do not constitute newly-discovered facts for the purposes of Section 9545(b)(1)(ii). **See Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011).[4] Even if Brown

_____

[3] We note that Brown filed the instant Petition within 60 days of the **Montgomery** decision.

[4] To the extent Brown invokes the newly-discovered facts exception based upon studies and data that revealed that the brain does not fully develop until the age of twenty-five years old, we conclude that Brown has not exercised due diligence. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii) (stating that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]"). Here, Brown relies upon information cited in **Miller**, which was decided in June 2012, nearly four years prior to the filing of the instant Petition.

had invoked the newly-recognized constitutional right exception, he would not be entitled to relief under *Miller* and *Montgomery*. Indeed, Brown concedes that he was twenty-two years old when he committed the murder. *See* Brief for Appellant at 12; *see also Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (noting that "petitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)."); *id.* (rejecting appellant's argument to extend the *Miller* holding based upon neuroscientific theories regarding brain development of persons over the age of 18).

Based upon the foregoing, the PCRA court properly dismissed Brown's PCRA Petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/18